## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JBS Hair, Inc.,

               Plaintiff,

v.                            Case No. 1:21-cv-1861-MLB

SLI Production IW Corp.,

               Defendant.

_____/

## OPINION & ORDER

Defendant SLI Production IW Corp. moves to dismiss Plaintiff JBS Hair, Inc.'s amended complaint for improper venue. (Dkt. 14.) The Court grants that motion.

## I. Background

Plaintiff owns two patents on hair accessories made up of bundled, synthetic braiding hair. (Dkts. 11 ¶¶ 138, 144; 11-1; 11-2.) Plaintiff has not granted Defendant permission to use any portion of the subject matter claimed in the patents. (Dkt. 11 ¶¶ 153, 161.) Plaintiff says Defendant nevertheless makes, uses, sells, offers to sell, and/or imports products that incorporate one or more of the inventions claimed in the

patents. (*Id.* ¶¶ 3, 151, 159.) Plaintiff filed a complaint and then an amended complaint asserting patent infringement claims against Defendant for all two patents. (*Id.* ¶¶ 150–65.) Defendant moved to dismiss for improper venue. (Dkt. 14.)

## II.   Legal Standard

Under Rule 12, a party may move to dismiss a civil action for improper venue. Fed. R. Civ. P. 12(b)(3). In considering a motion under Rule 12(b)(3), a court accepts the facts in the plaintiff's complaint as true. *Curry v. Gonzales*, 2006 WL 3191178, at *2 (N.D. Ga. Oct. 31, 2006). "A court may also 'consider matters outside the pleadings if presented in proper form by the parties.'" *Id.* "Where there is a conflict between allegations in the complaint and evidence outside the pleadings, the court 'must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" *Id.*

## III.   Discussion

Plaintiff has the burden of establishing venue. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).[1] The patent venue statute

---

[1] Federal Circuit law governs the resolution of this motion. *See ZTE*, 890 F.3d at 1012 ("Whether venue is proper under § 1400(b) is an issue

provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."   28 U.S.C. § 1400(b).   "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."   *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017).   The parties agree Defendant is a New Jersey corporation.   (Dkts. 11 ¶ 2; 14 at 3; 29 at 2.)   Defendant thus "resides" in New Jersey, and Plaintiff may not rely on the first clause of patent venue statute to establish venue in this district.

So, Plaintiff must allege facts showing Defendant has "committed acts of infringement and has a regular and established place of business" in this district.   Defendant attacks the second part of this standard, saying Plaintiff has not adequately alleged Defendant has a regular and established place of business in this district.   No bright-line rule controls this analysis.   *Cray*, 871 F.3d at 1362 ("In deciding whether a defendant

---

unique to patent law and is governed by Federal Circuit law."); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ("Federal Circuit law, rather than regional circuit law, governs our analysis of what § 1400(b) requires.").

has a regular and established place of business in a district, no precise rule has been laid down and each case depends on its own facts."). Instead, the Federal Circuit has articulated "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360.  Plaintiff must allege each item to establish venue.  *Id.*

This matter involves the third item—whether Plaintiff has identified place of business that is Defendant's.  To satisfy venue, a place of business "must be a place *of the defendant*, not solely a place of the defendant's employee." *Id.* at 1363.  "[T]he defendant must establish or ratify the place of business.  It is not enough that the employee does so on his or her own." *Id.*  Stated differently, "a 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020).  *Cray* articulated an array of non-exclusive considerations relevant to this inquiry:

> Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession

or control over the place. . . . Another consideration might
be . . . the storing of materials at a place in the district so that
they can be distributed or sold from that place. . . . Marketing
or advertisements also may be relevant, but only to the extent
they indicate that the defendant itself holds out a place for its
business. . . . [A] defendant's representations that it has a
place of business in the district are relevant to the inquiry.
[Other p]otentially relevant inquiries include whether the
defendant lists the alleged place of business on a website, or
in a telephone or other directory; or places its name on a sign
associated with or on the building itself. But the mere fact
that a defendant has advertised that it has a place of business
or has even set up an office is not sufficient; the defendant
must actually engage in business from that location.

*Cray*, 871 F.3d at 1362–63 (citations omitted).   No one factor is

dispositive.  *Omega Pats., LLC v. Bayerische Motoren Weke AG*, 508 F.

Supp. 3d 1336, 1340 (N.D. Ga. 2020).

Plaintiff has identified three so-called "Georgia Warehouses" that

it contends are Defendant's places of business in this district.  (Dkt. 11

¶¶ 6, 8.) Specifically, Plaintiff alleges Defendant maintains a regular and

established place of business at 425 Hartman Road, Austell, Georgia

30168; 2440 Satellite Boulevard, Duluth, Georgia 30096; and/or 3020

Evergreen Drive, Duluth, Georgia 30096 (collectively, "Georgia

Warehouses").[2]  (*Id.* ¶ 6.)  Defendant says these addresses are not places "of the defendant," and Plaintiff has not properly alleged them to be. (Dkts. 14 at 20; 29 at 6.)   The complaint admits that the Georgia Warehouses belong to other corporate entities.   (Dkt. 11 ¶¶ 14–15 (admitting the Hartman address is Sun Taiyang's place of business), 97 (providing a Google Maps image showing the Evergreen address has a Global Beauty sign in front of it), 102 (admitting recent property tax assessments for the Evergreen address correspond to Sun Taiyang; Aura Enterprises, Inc.; and 3020 Evergreen Drive LLC), 122 (admitting the Satellite address is the principal office for Beauty Elements Corp.).)[3]  So Defendant does not own the Georgia Warehouses.

But the Federal Circuit advised courts to consider whether the defendant "exercises other attributes of possession or control over the place."   *Cray*, 871 F.3d at 1363.   Plaintiff alleges Defendant "fulfills and/or ships products to and from one or more of the" Georgia

---

[2] This bare assertion is, of course, not enough to establish proper venue. *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) ("[The] recitation of § 1400(b) is insufficient to survive a motion to dismiss for improper venue.").

[3] Defendant's declaration shows the same.  Chul Kyoon Park, Defendant's President, stated that Defendant does not have an office in Georgia and does not own or lease any physical place in Georgia.  (Dkt. 14-1 ¶¶ 5–6.)

Warehouses and "at least a portion of the inventory in the Georgia Warehouses is owned by Defendant."[4]   (Dkt. 11 ¶¶ 8, 11.)   These allegations show no indication of control over the Georgia Warehouses. *See, e.g.*, *Reflection, LLC v. Spire Collective LLC*, 2018 WL 310184, at *4 (S.D. Cal. Jan. 5, 2018) ("Since Spire has no control over its products once they are sent to Amazon [fulfillment centers], these storage centers cannot be said to be the 'place of [the d]efendant.'").   And caselaw suggests a defendant does not have a "regular and established" place of business at a warehouse location simply because it stores its inventory there or ships it from there.   *See, e.g.*, *Guy A. Shaked Invs. Ltd. v. Ontel Prods. Corp.*, 2020 WL 6107066, at *3 (C.D. Cal. July 30, 2020) ("Plaintiffs do not provide any legal authority establishing that storing products in a third-party distributor located within a district amounts to an established place of business for purposes of the patent venue statute.").   That makes sense.   After all, a business may use another, independent business to store its products, manage its inventory, or even

---

[4] Defendant disputes these allegations in its declaration.  (*See* Dkt. 14-1 ¶ 10 ("[Defendant] does not, and has not, stored or shipped products from any location in Georgia.").)

fulfill its customer's orders without any ownership or control over the warehouse location.  *See Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 960 (E.D. Tex. 2018) ("[B]usinesses may store items at *other* business's locations (like, for example, Fulfillment by Amazon) wherein goods are stored by third parties at the third parties' discretion and with no control over the location, management, or daily supervision of the products in storage.  Such an arrangement can scarcely be considered to render the physical location of the stored items a place of business as to the party whose goods are stored." (footnote omitted)).[5]

That, however, is not the end of the inquiry.  It is Plaintiff's alternative position that the Georgia Warehouses should qualify as a place of business for Defendant because of the close relationship between Defendant and the companies that conduct business from the Georgia Warehouses, such as Sun Taiyang and Beauty Elements.  (Dkt. 11 ¶ 7.) The Federal Circuit has held that "venue in a patent infringement case [may be] proper with regard to one corporation by virtue of the acts of

---

[5] Plaintiff alleges Defendant's "principal place of business is not reasonably capable of receiving and distributing the large volume of products it imports and distributes" so it "uses the Georgia Warehouses for receiving and distribution."  (Dkt. 11 ¶¶ 75–77.)  This is speculative.

another, intimately connected, corporation." *Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985).[6] Thus, "the 'place' of a corporate affiliate or subsidiary of a named defendant may, in at least some circumstances, . . . be treated as a 'place of the defendant.'" *Javelin*, 2017 WL 5953296, at *4; *UCB*, 2017 WL 5985559, at *4. But "except where corporate formalities are ignored and an alter ego relationship exists, the presence of a corporate relative in the district does not establish venue." *Post Consumer Brands, LLC v. Gen. Mills, Inc.*, 2017 WL 4865936, at *2 (E.D. Mo. Oct. 27, 2017); *see also Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976 (S.D.N.Y. 1992) ("It is appropriate to pierce the corporate veil in order to establish venue under the patent venue statutes.").

As support, Plaintiff points to some things it could glean from the Internet:

- Sun Taiyang identifies five partners on its website, sunscc.com, one of which is IT'S A WIG!®. (Dkt. 11 ¶ 24.) Defendant owns the registered trademark IT'S A WIG!®. (*Id.* ¶¶ 41–42.)

---

[6] *See Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, 2017 WL 5953296, at *3 (D. Del. Dec. 1, 2017) (noting that *Cray* did not disturb the Federal Circuit's prior holding in *Minnesota Mining*); *UCB, Inc. v. Mylan Techs., Inc.*, 2017 WL 5985559, at *4 (D. Del. Dec. 1, 2017) (same).

- The e-mail address listed in the IT'S A WIG!® trademark registration records is sunip@sunssc.com, which is the same Internet domain as Sun Taiyang's website. (*Id.* ¶¶ 46, 133.)
- Stephen Jung is the attorney of record for both Sun Taiyang's and Defendant's trademark filings. (*Id.* ¶¶ 33–34, 43–44.)
- Mr. Jung's address listed in the IT'S A WIG!® trademark registration records is 7 Capital Drive, Moonachie, New Jersey 07074, which is the same address listed in Sun Taiyang's OUTRE® trademark registration records. (*Id.* ¶¶ 48–49.)
- Mr. Jung is General Counsel of Defendant and the Secretary of HL Choice Corp., who "is an alter ego of Sun Taiyang." (*Id.* ¶¶ 45, 59, 65.)
- The address for Mr. Jung in the Georgia Secretary of State records for HL Choice Corp. is the same address as the principal place of business for Defendant. (*Id.* ¶ 62.)

(Dkt. 24 at 10–12.) Plaintiff believes it has laid a series of facts that somehow legally tie Defendant to companies that conduct business from the Georgia Warehouses. Sun Taiyang's website identifying Defendant's registered mark as a "partner," added to the sharing of an intellectual property attorney, plus that attorney's use of the same address, combined with the sharing of an officer and "voila"—Plaintiff says—venue is proper in this district.[7] The Court doubts that such innuendo from the

---

[7] Plaintiff pleads that it sought discovery related to the relationships between Defendant and Sun Taiyang and Beauty Elements, but Defendant "refused to grant" such discovery. (Dkt. 11 ¶ 12.) Perhaps

conglomeration of disparate documents (and in the absence of any real evidence of interconnectedness) would ever be sufficient to establish venue.  But it certainly does not here.   Defendant's sworn declaration from Chul K. Park makes it clear that Defendant is not owned by any corporation or other business entity that has an established place of business in Georgia; does not control (nor is it controlled by) any entity that has an established place of business in Georgia; is not a parent or subsidiary of Sun Taiyang, Beauty Elements, Hair Zone, Beauty Essence, or HL Choice Corp.; and is not part of any association of two or more persons to carry on as co-owners a business for profit.  (Dkt. 14-1 ¶¶ 8–9, 13, 15.)   Mr. Park states that Defendant is independently owned and separately operated from Sun Taiyang, Beauty Elements, Hair Zone, Beauty Essence, and HL Choice Corp.   (*Id.* ¶ 16.)   He added that sunssc.com is not owned by Sun Taiyang or Defendant.[8]   (*Id.* ¶ 19.)

---

discovery will validate Plaintiff's assumptions, assertions, and allegations.  Perhaps not.  Plaintiff could have sought discovery from the Court on this issue, but it chose not to.

[8] For a 12(b)(3) motion, a district court may examine facts outside the complaint to decide whether its venue is proper, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.  *See* Wright & Miller, Federal Practice and Procedure § 1352 (2021).  Here, there is no conflict between the complaint and declaration.

Plaintiff did not come forward with any evidence why the statements in Mr. Park's declaration are inaccurate.

In a last-ditch effort to establish venue, Plaintiff says the Georgia Warehouses should qualify as a place of business for Defendant because Defendant is the alter ego of Sun Taiyang.  (Dkt. 11 ¶ 136.)  This presents an interesting choice of law question that the parties did not brief: Whose law applies to the alter-ego inquiry?  The Federal Circuit has said: "Since the alter ego issue is not unique to patent law, we apply the law of the regional circuit."  *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007); *see also Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, 2018 WL 1942373, at *9 (C.D. Cal. Mar. 26, 2018) ("Although Federal Circuit law generally applies in patent cases, it does not govern alter ego determinations, even when the underlying claims allege patent infringement." (citation omitted)).  The Eleventh Circuit applies the law

---

The allegation of joint ownership in the complaint is a legal conclusion that is qualified with "[a]s shown more fully below."  (Dkt. 11 ¶ 7.)  And the allegations used to support that legal conclusion are innuendo.  The factual allegations in the declaration do not challenge Plaintiff's allegation.  They merely add additional facts and contradict Plaintiff's conclusion that the disparate facts it gleaned from public records show any level of interrelatedness, ownership, or control between Defendant and Sun Taiyang and Beauty Elements.

of the forum state, in this case Georgia, to determine whether a corporation is the alter ego of another. *See, e.g.*, *United States v. Annamalai*, 939 F.3d 1216, 1231 (11th Cir. 2019).

In Georgia, the alter ego doctrine requires a showing that the disregard of the corporate entity made it a mere instrumentality of the other entity; that there is such unity of interest and ownership that the separate personalities of the corporations no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud.[9]  6 Georgia Jurisprudence § 1:23 (2021).  The general rule is that each corporation is a separate entity.  *All Star, Inc. v. Fellows*, 676 S.E.2d 808, 813 (Ga. Ct. App. 2009).  So "[g]reat caution should be exercised by the court in disregarding the corporate entity."  *Id.*

To show Defendant is the alter ego of Sun Taiyang, Plaintiff relies on the bulleted allegations listed above.  Defendant disputes many of these allegations but says, even if all established as true, they are

---

[9] Plaintiff implies that a showing of fraud is not required. (Dkt. 24 at 16.) The Court finds no support for that theory.  *See Najran Co. for Gen. Contracting & Trading v. Fleetwood Enters., Inc.*, 659 F. Supp. 1081, 1095 & n.4 (S.D. Ga. 1986) (rejecting the argument that a showing of fraud or injustice is only required where the veil of a corporation is sought to be pierced to impose liability upon individual shareholders and not required in suits seeking to pierce the veil between two corporations).

insufficient. (Dkt. 29 at 8–12.) The Court agrees. "To pierce a corporate veil, there must be evidence of abuse of the corporate form." *Ishak v. Lanier Contractor's Supply Co.*, 561 S.E.2d 883, 884 (Ga. Ct. App. 2002). Sun Taiyang's website identifying Defendant's registered mark as a "partner" and the sharing of an intellectual property attorney and an officer is insufficient to pierce the corporate veil. *See Inhale, Inc. v. Gravitron, LLC*, 2018 WL 5880192, at *4 (C.D. Cal. Sept. 5, 2018) ("Plaintiff places great importance on Defendant's colloquial use of the term 'partner stores' on its website, but it still misses the mark. Plaintiff alleges no facts that might indicate that Defendant has any control over those twelve stores."); *S. New Eng. Tel. Co. v. 1003 Donnelly Ave. Inc.*, 2009 WL 10701242, at *3 (N.D. Ga. Sept. 3, 2009) ("[T]he separate identity of a subservient corporation is not destroyed merely by the fact that it is used by the parent for the parent's ends, or even by the fact that they have the same officers or . . . offices."); *Infrasource, Inc. v. Hahn Yalena Corp.*, 613 S.E.2d 144, 147 (Ga. Ct. App. 2005) ("That corporations share officers is not [a] sufficient basis for piercing the corporate veil or concluding that one or more of the corporate entities is a shell."); *Catalina Mktg. Int'l, Inc. v. Coolsavings.Com, Inc.*, 2003 WL 21542491, at *5 (N.D.

Ill. July 3, 2003) ("It is also common practice that certain functions, such as accounting and legal services, be shared within a corporate family. Such shared functions are insufficient to pierce the corporate veil.").

Even if those allegations were sufficient, the complaint still contains no allegation as to injustice or fraud. (*See generally* Dkt. 11.) Plaintiff argues that requiring it "to fight these related entities in multiple fora while [Defendant] play[s] a shell game in Georgia is sufficient harm to pierce the corporate veil and for this Court to assert venue over" Defendant. (Dkt. 24 at 16.) The Court disagrees. If the Court decides not to pierce the corporate veil, this case is either (i) transferred to a district with proper venue or (ii) dismissed for improper venue with the option that it can be refiled in an appropriate district. *In re Oath Holdings Inc.*, 908 F.3d 1301, 1306 (Fed. Cir. 2018) (explaining that the district court, where venue was improper under § 1400(b), must either dismiss or transfer the case pursuant to § 1406(a)). Either way, Plaintiff may pursue its claims. That it might have to litigate in two forums does not warrant disregarding the corporate form.

Plaintiff has failed to satisfy its burden of proving that Defendant has a regular and established place of business in this district. Venue is

thus improper here.  That leaves one issue: whether to "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In applying § 1406(a), "the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion."  *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).  The parties did not address this question in their briefs.  Although venue is proper in the District of New Jersey based on Defendant's residency, *TC Heartland*, 137 S. Ct. at 1517, the Court believes the parties should have an opportunity to address this matter.

## IV.   Conclusion

The Court **GRANTS** Defendant's motion to dismiss (Dkt. 14). Within fourteen (14) days after the entry of this Order, Plaintiff is **DIRECTED** to file a notice on the docket indicating its preference for a dismissal or transfer, and if the latter, the proper judicial forum. Defendant may file a response within seven (7) days of service of that notice.  No reply is necessary.

16

Defendant notes its name is SLI Production Corp., not SLI Production IW Corp.  (Dkt. 14 at 1 n.1.)  The Court **ORDERS** the parties to file a motion to correct misnomer within seven (7) days after entry of this Order.

    **SO ORDERED** this 4th day of March, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE